IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
UCRC. CLERK, CHARLESTON, SC

2013 JUL 15  A 8: 11

| | |
|---|---|
| Southampton Pointe Property Owners Association, Inc., <br><br> Plaintiff, <br><br> v. <br><br> OneBeacon Insurance Company, and St. Paul Fire and Marine Insurance Company, <br><br> Defendants. | No. 2:12-cv-03035-RMG <br><br><br> **ORDER** |

This matter comes before the Court on two motions filed by Plaintiff Southampton Pointe Property Owners Association on April 1, 2013. (Dkt. Nos. 39, 42). Plaintiff asks this Court to compel Defendants OneBeacon Insurance and St. Paul Fire and Marine Insurance to produce certain documents which Plaintiff asserts are relevant to its claims in this matter. (*Id.*). For the reasons that follow, the Court GRANTS in part and DENIES in part Plaintiff's motions.

### Background

This case relates to whether Defendants, both insurers, owed a duty to defend Wood Real Estate Investors, LLC and WREI, Inc. in a state court action seeking compensation for certain construction defects at a housing development. (Dkt. No. 1-1 at 7). Wood Real Estate and WREI assigned any rights they had against Defendants to Plaintiff. (*Id.*). Plaintiff brings this suit to assert those purported rights, alleging Defendants' breached their insurance contracts and acted in bad faith in declining to defend Wood Real Estate and WREI in state court. (*Id.* at 9).

Defendants dispute that Wood Real Estate and WREI had coverage. (Dkt. Nos. 20, 25). Also, as an affirmative defense, Defendant St. Paul Fire and Marine Insurance Company states that, "[a]t all times relevant to this action, St. Paul acted in good faith and possessed objectively reasonable bases for the manner in which it has handled the claim that is the subject of this action." (Dkt. No. 20 at 8). St. Paul further asserts that it "complied with industry standards in the handling of the claim that is the subject of this action." (*Id.*). Similarly, Defendant OneBeacon asserts that it "acted in good faith and possessed objectively reasonable bases for the manner in which it handled the claim and tender that is the subject of this action." (Dkt. No. 25 at 5).

The parties proceeded with discovery. On October 31, 2012, Plaintiff served its production requests on Defendants. (Dkt. Nos. 39-1, 42-1). After Defendants responded to that request, (Dkt. Nos. 39-2, 42-2), Plaintiff sent a letter informing each Defendant that, in Plaintiff's view, their production had been incomplete, (Dkt. Nos. 39-3, 42-3). In those letters, Plaintiff listed the sets of documents that it maintains should be produced, specifically:

1. letters, memoranda, and email correspondence between the insurers' employees and their defense counsel concerning the policies, facts and underlying litigation;
2. claims files from the underlying litigation
3. underwriting files;
4. policy manuals relating to handling, processing and/or investigating of claims, duty to defend, refusal to defend and determination of coverage for construction claims;
5. advertising, sales, promotional and marketing materials;
6. underwriting manuals;
7. income statements, balance sheets and tax returns for 2009, 2010, and 2011;
8. prior bad faith claims in South Carolina for unreasonable denial or breach of the duty to defend with the last five years; and
9. total sum each insurer spent on defending Trammell Crow and its related entities in the underlying case.

(*Id.*).

After neither Defendant responded to Plaintiff's letter, Plaintiff filed these motions to compel. (Dkt. Nos. 39, 42). Defendants responded to oppose the motions, generally asserting the attorney-client and the work product privileges, as well as raising objections based on relevancy, proprietary information, privacy of other insureds, and "overbreadth/undue burden." (Dkt. Nos. 48, 51).

On May 7, 2013, the Court issued an order on these motions. (Dkt. No. 55). The Court instructed Defendants to "review again the requested documents that form the basis for Plaintiff's motions to compel, and to produce promptly any documents that they, upon this fresh review, conclude are in fact discoverable." (*Id.* at 2). The Court added that:

> [i]f, after this additional review and production, Defendants continue to oppose production of certain documents, Defendants are instructed to submit to the Court for *in camera* review all documents that remain the subject of these motions to compel. Defendants are further instructed to include along with that submission to the Court a log providing their specific, document-by-document objections to production.

(*Id.*). Defendants later submitted these disputed documents for *in camera* review.

## Legal Standard

Parties to civil litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts are to construe broadly rules enabling discovery. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Thus, "[d]uring discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

3

(1978)). Conversely, limitations on discovery are to be construed narrowly. *See, e.g., Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) ("attorney-client privilege is to be narrowly construed"); *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (D. Md. 2007) ("assertions of evidentiary privilege are narrowly and strictly construed").

## I.     Attorney Client Privilege

In diversity cases, the availability of the attorney-client privilege is governed by the law of the forum state. Fed. R. Evid. 501; *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 107 n.1 (4th Cir. 1995). The Court therefore applies South Carolina law here. Attorney-client privilege consists of the following essential elements: "(1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except where the protection is waived." *Tobaccoville USA, Inc. v. McMaster*, 692 S.E.2d 526, 530 (S.C. 2010). "Because the privilege protects the substance of communications, it may also be extended to protect communications by the lawyer to his client, agents, or superiors or to other lawyers in the case of joint representation, if those communications reveal confidential client communications." *United States v. (Under Seal)*, 748 F.2d 871, 874 (4th Cir. 1984).

It is well-settled, though, that internal communications between an insurer's employees regarding a claim and the events surrounding it which are not directed to its counsel are not protected by the attorney-client privilege. *See Gilliard v. Great Lakes Reins. (U.K.) PLC*, No. 2:12-cv-00867-DCN, 2013 WL 1729509, at *2 (D.S.C. Apr. 22, 2013) (citing *Old Second Nat'l Bank of Aurora v. Commercial Union Midwest Ins. Co.*, No. 99 C 3941, 1999 WL 1068635, at *2 (N.D. Ill. Nov. 18, 1999)). Further, courts have

4

held that correspondence relating to a legal services bill generally does not qualify under the attorney-client privilege. *See United States v. (Under Seal)*, 774 F.2d 624, 628 (4th Cir. 1985) (finding it well established that the "attorney-client privilege normally does not extend to the payment of attorney's fees and expenses"); *Miller v. Pruneda*, No. 3:02-cv-42, 2004 WL 3951292, at *9 (N.D. W. Va. Nov. 5, 2004) (stating that "the information is not advice sought by the client from his attorney in his capacity as a legal adviser").

In South Carolina, the party asserting attorney-client privilege must establish lack of waiver. *Hege v. Aegon USA, LLC*, C/A No. 8:10-1578-GRA, 2011 WL 1791883, at *4 (D.S.C. May 10, 2011). "One way a party may implicitly waive the privilege is by placing a privileged communication 'at issue' in a case." *Id.*; *City of Myrtle Beach v. United Nat'l Ins. Co.*, C/A No. 4:08-1183-TLW-SVH, 2010 WL 3420044, at *5 (D.S.C. Aug. 27, 2010) ("[I]f a defendant voluntarily injects an issue in the case, whether legal or factual, the insurer voluntarily waives, explicitly or impliedly, the attorney-client privilege.") (citation omitted).

Determining whether a communication has been put "at issue" in a bad faith action is particularly thorny. *Myrtle Beach*, 2010 WL 3420044 at *5. The determination implicates "conflicting policies," with "[t]he time-honored attorney-client privilege" on one side and "the duty of good faith and fair dealing an insurer owes to its insured" on the other. *Id.* at *4. Nevertheless, "[a]n insurer's thoughts and knowledge are at the center of a claim for bad faith," and the basis for the insurer's evaluation of a claim is highly relevant—if not essential—to proving those "thoughts and knowledge." *Id.* Thus, courts applying South Carolina law have held that where an insurer in a bad faith claim asserts

5

as an affirmative defense that it acted in good faith, then the insurer puts at issue the evidence it had before it at the time it denied the claim, including communications with counsel relevant to its state of mind. *Id.* 4–8; *see also Bonetto v. Allstate Ins. Co.*, No. 3:03-cv-3560-GRA, ECF 24 at *4–5 (D.S.C. July 20, 2004) (observing that, where "information regarding the state court trial only reached [the insurer] after being filtered through their attorney[,] . . . the reasonableness of the claims process necessarily implicates the advice of counsel"); *Howard v. State Farm Mut. Auto Ins. Co.*, 450 S.E.2d 582, 584 (S.C. 1994) ("Whether an insurance company is liable for bad faith must be judged by the evidence before it at the time it denied the claim . . . .") (citation omitted).

### II. Work Product Doctrine

Federal law governs the work-product doctrine. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988). Under Rule 26(b)(3) of the Federal Rules of Civil Procedure, documents "prepared in anticipation of litigation" are generally protected from discovery, whether they were prepared by a party's attorney, consultant, or other agent. Thus, for the work product doctrine to apply, "[t]he document must be prepared *because* of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Nat'l Union Fire*, 967 F.2d at 984. The proponent of work product protection must establish that the "driving force behind the preparation of each requested document" is the prospect of litigation. *Id.* In other words, to conclude that a document falls under the privilege, a court must be satisfied that the document "was not created during the ordinary course of business, . . . or for any non-litigation reason. If the work product would have been done in any event, it is not protected work product." *Hege*, 2011 WL 1791883, at *6 (citations and quotation marks omitted). Further, even if a document is

6

found to constitute protected work-product, discovery of that work-product may be appropriate where the party seeking it has a "substantial need for the materials . . . and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

"The application of the work product doctrine is particularly difficult in the context of insurance claims." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 541 (N.D. W. Va. 2000). "[I]nsurance companies have a duty to investigate, evaluate, and adjust claims made by their insureds. The creation of documents during this process is part of the ordinary course of business of insurance companies, and the fact that litigation is pending or may eventually ensue does not cloak such documents with work-product protection." *HSS Enters., LLC v. Amco Ins. Co.*, No. C06-1485-JPD, 2008 WL 163669, at *4 (W.D. Wash. Jan. 14, 2008) (citation omitted); *see also Gilliard*, 2013 WL 1729509, at *2 (collecting cases); *Bonetto*, Dkt. No. 24 at *7–8; *St. Paul Reins. Co. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 636 (N.D. Iowa 2000); *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988). Similarly, the privilege generally does not apply to underwriting files, underwriting guidelines and claims guidelines, all of which were prepared for the purpose of guiding the handling of a claim, and may also reflect the parties' understanding should the contract itself be adjudged ambiguous. *See Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419, 2012 WL 6210323 (D.S.C. Dec. 13, 2012). Nor will expense records and reports be found protected, unless they reveal specific research and litigation strategy. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402–03 (4th Cir. 1999) (citation omitted).

That said, courts have concluded that "claims file notes prepared post-litigation concerning the employment of defense counsel" were subject to work product privilege. *See Atoka Precision Mach. Shop, LLC v. Peerless Ins. Co.*, No. CIV-11-445-FHS, 2013 WL 817279,

7

at *2 (E.D. Okla. Mar. 5, 2013). They have also held that an insurer's emails relating to a claim following the institution of a lawsuit are "immune from disclosure under the work product doctrine" because they "consist of communications between Defendant's representatives . . . in conjunction with Plaintiff's loss and claim after Defendant reasonably perceived that the circumstances could result in litigation." *Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 588 (S.D. W. Va. 2002).

## Discussion

In view of the standards stated above, the Court orders production as set forth in Appendices I and II. An "X" in the "Ruling" column of the table denotes that the document must be produced. If the Court has concluded that a document need not be produced, it has provided its basis for that conclusion in each table's "Ruling Column," as follows: "AC" denotes attorney-client privilege; "WP" denotes work-product protection; and "Irr." denotes the document's irrelevance to this action.

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiff Southampton Pointe Property Owners Association's motions to compel, as set forth in Appendices I and II. (Dkt. Nos. 39, 42).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
July 5, 2013

8

**APPENDIX 1. OneBeacon Insurance Company**

| Volume No. 1 – File Notes | | | | | |
|---|---|---|---|---|---|
| **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| 5/15/12 | Kevin Caberto | | Claims Note re: settlement of underlying action with TCR defendants | AC; WP Irr. | WP; Irr. |
| 5/7/12 | Kevin Caberto | | Claims Note re: settlement discussions | AC; WP Irr. | WP; Irr. |
| 5/1/12 | Anthony Riggio | | Claims Note re: pre-trial strategy conference | AC; WP Irr. | WP; Irr. |
| 4/26/12 | Kevin Caberto | | Claims Note re: defense counsel pretrial report | AC; WP Irr. | WP; Irr. |
| 4/18/12 | Kevin Caberto | | Claims Note re: coverage position of Chartis | AC; WP Irr. | WP; Irr. |
| 4/13/12 | Kevin Caberto | | Claims Note re: Plaintiff's demand letter | AC; WP Irr. | WP; Irr. |
| 4/12/12 | Kevin Caberto | | Claims Note re: litigation strategy & summary letter from coverage counsel | AC; WP Irr. | WP; Irr. |
| 4/10/12 | Robin Edoin | | Claims Note re: defense cost payment | AC WP; Irr. | Irr. |
| 3/23/12 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC; WP; Irr. | WP; Irr. |
| 3/13/12 | Kevin Caberto | | Claims Note re: communication with coverage counsel concerning offer | AC; WP; Irr. | WP; Irr. |
| 3/9/12 | Kevin Caberto | | Claims Note re: defense counsel updated report | AC; WP; Irr. | WP; Irr. |
| 3/2/12 | Kevin Caberto | | Claims Note re: defense counsel report & rulings on motions | AC; WP Irr. | WP; Irr. |
| 3/2/12 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC; WP; Irr. | X |
| 2/22/12 | Kevin Caberto | | Claims Note re: Updated large loss advisory | WP Irr. | WP; Irr. |
| 2/21/12 | Anthony Riggio | | Claims Note – management review concerning reserves & plan of action | WP Irr. | WP; Irr. |

| 2/21/12 | Anthony Riggio | | Claims Note – amount of indemnity reserve | WP; Irr. | WP; Irr. |
|---|---|---|---|---|---|
| 2/16/12 | Anthony Riggio | | Claims Note re: settlement negotiations in underlying action | AC WP Irr. | WP; Irr. |
| 1/30/12 | Kevin Caberto | | Claims Note re: defense counsel update | AC; WP Irr. | WP; Irr. |
| 1/24/12 | Kevin Caberto | | Claims Note re: settlement negotiations, status of offer | AC; WP Irr. | WP; Irr. |
| 1/16/12 | Kevin Caberto | | Claims Note re: discussion with coverage counsel | AC; WP Irr. | Irr. |
| 1/13/12 | Anthony Riggio | | Claims Note re: case strategy & conference call | AC; WP Irr. | WP; Irr. |
| 1/11/12 | Robin Edoin | | Claims Note re: defense cost payment | AC WP; Irr. | Irr. |
| 12/19/11 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC WP; Irr. | X |
| 12/5/11 | Kevin Caberto | | Claims Note re: settlement in underlying action update | AC WP; Irr. | WP; Irr. |
| 12/5/11 | Kevin Caberto | | Claims Note re: damages in underlying action & expert estimate | AC WP; Irr. | WP; Irr. |
| 11/21/11 | Kevin Caberto | | Claims Note re: strategy in underlying action, update on mediation | AC WP Irr. | WP; Irr. |
| 11/15/11 | Robin Edoin | | Claims Note re: defense cost payment | AC WP Irr. | Irr. |
| 11/4/11 | Robin Edoin | | Claims Note re: defense cost payment | AC WP Irr. | Irr. |
| 11/1/11 | Anthony Riggio | | Claims Note re: settlement discussions, amount & conference call | AC WP Irr. | WP; Irr. |
| 10/28/11 | Kevin Caberto | | Claims Note re: status of underlying action & several conference calls | AC WP Irr. | WP; Irr. |
| 10/24/11 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC WP Irr. | Irr. |
| 10/24/11 | Kevin Caberto | | Claims Note re: communication with named insured and carriers & conference call | AC WP Irr. | WP; Irr. |

| 10/21/11 | Kevin Caberto | | Claims Note re: defense counsel pre-mediation report | AC WP Irr. | WP; Irr. |
|---|---|---|---|---|---|
| 10/17/11 | Kevin Caberto | | Claims Note re: mental impressions of conference call with insured, coverage counsel, and other carriers | AC WP Irr. | X |
| 9/1/11 | Anthony Riggio | | Claims Note re: reserves & management review & plan of action | AC WP Irr. | WP; Irr. |
| 8/31/11 | Kevin Caberto | | Claims Note re: defense counsel status update | AC WP Irr. | WP; Irr. |
| 8/30/11 | Mary Allinder | | Claims Note re: internal discussions re: case strategy | AC WP Irr. | WP |
| 8/15/11 | Kevin Caberto | | Claims Note – large loss advisory | AC WP Irr. | WP; Irr. |
| 8/11/11 | Anthony Riggio | | Claims Note re: indemnity reserves authorized | AC WP Irr. | Irr. |
| 8/3/11 | Kevin Caberto | | Claims Note re: status report from defense counsel & comments on that report | AC WP Irr. | X |
| 8/2/11 | Mary Allinder | | Claims Note re: plan of action & loss reserve | AC WP Irr. | X |
| 7/27/11 | Kevin Caberto | | Claims Note re: underlying action & add'l parties defense counsel defending | WP Irr. | X |
| 7/27/11 | Kevin Caberto | | Claims Note re: strategy & conference call with Travelers, Trammell, Cordes Forde, Scott Woodward, & Micah Skidmore & upcoming schedule | AC WP Irr. | WP; Irr. |
| 6/29/11 | Kevin Caberto | | Claims Note re: defense costs for expert bill | AC WP Irr. | Irr. |
| 6/17/11 | Mary Allinder | | Claims Note re: status update of underlying action | AC WP Irr. | WP; Irr. |
| 5/31/11 | Kevin Caberto | | Claims Note re: coverage analysis relating to Wood | AC WP Irr. | X |

| 4/15/11 | Kevin Caberto | | Claims Note re: defense strategy and mental impressions of conference call with John Jacks, Cordes Forde & Harrison Trammell | AC WP Irr. | WP |
|---------|---------------|--|----------------------------------------------------------------------------------------------------------------------------------|------------|----|
| 4/4/11  | Kevin Caberto | | Claims Note re: communication with defense counsel re: class potential | AC WP Irr. | AC; WP |
| 3/25/11 | Kevin Caberto | | Claims Note re: communication with defense counsel re: "as is" clause | AC WP Irr. | AC; WP |
| 3/16/11 | Kevin Caberto | | Claims Note re: communication with defense counsel & revised ROR from coverage counsel | AC WP Irr. | X |
| 3/11/11 | Kevin Caberto | | Claims Note re: communication with defense counsel and mental impressions of conference call with defense counsel, John Jacks and Scott Woodward. | AC WP Irr. | WP |
| 3/11/11 | Kevin Caberto | | Claims Note re: communication with defense counsel re: deposition | AC WP Irr. | WP; Irr. |
| 3/11/11 | Kevin Caberto | | Claims Note re: communication with defense counsel re: deposition | AC WP Irr. | WP; Irr. |
| 3/9/11  | Kevin Caberto | | Claims Note re: status of underlying action regarding motion hearing & UTPA claims | AC WP Irr. | WP |
| 3/2/11  | Kevin Caberto | | Claims Note re: defense costs & expert invoices | AC WP Irr. | Irr. |
| 2/14/11 | Kevin Caberto | | Claims Note re: communication with defense counsel | AC WP Irr. | WP |
| 2/11/11 | Karen Rice | | Claims Note re: plan of action re: reserve & expense | AC WP Irr. | X |

| 2/11/11 | Kevin Caberto | | Claims Note re: plan of action/ determinations & review needed in case | AC WP Irr. | X |
| 2/10/11 | Kevin Caberto | | Claims Note re: communication with defense counsel & update | AC WP Irr. | Irr. |
| 2/9/11 | Kevin Caberto | | Claims Note re: communication with coverage counsel & his recommendations re: Wood | AC WP Irr. | X |
| 1/31/11 | Kevin Caberto | | Claims Note re: communication with defense counsel (3 notes) | AC WP Irr. | AC; WP |
| 1/28/11 | Kevin Caberto | | Claims Note re: communication with defense counsel & attending depositions | AC WP Irr. | Irr. |
| 1/28/11 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Wood's third party complaint | AC WP Irr. | X |
| 1/12/11 | Kevin Caberto | | Claims Note re: coverage analysis re: Wood's third party complaint | AC WP Irr. | X |
| 12/30/10 | Kevin Caberto | | Claims Note re: status of underlying action & consolidation of suits | AC WP Irr. | Irr. |
| 12/27/10 | Kevin Caberto | | Claims Note re: coverage position discussion with Karen Rice | AC WP Irr. | X |
| 12/22/10 | Kevin Caberto | | Claims Note re: coverage position re: Wood | AC WP Irr. | X |
| 12/17/10 | Kevin Caberto | | Claims Note re: defense costs | AC WP Irr. | Irr. |
| 12/17/10 | Kevin Caberto | | Claims Note re: communication with defense counsel | AC WP Irr. | X |
| 11/12/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC WP Irr. | WP; Irr. |
| 11/10/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC WP Irr. | Irr. |

| 11/10/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: exposure number | AC WP Irr. | WP; Irr. |
|---|---|---|---|---|---|
| 11/10/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel | AC WP Irr. | X |
| 11/8/10 | Karen Rice | | Claims Note re: coverage analysis re: Wood defense | AC WP Irr. | X |
| 11/8/10 | Kevin Caberto | | Claims Note re: coverage counsel & conversation with Andrew Motroni re: same | AC WP Irr. | Irr. |
| 11/8/10 | Kevin Caberto | | Claims Note re: coverage analysis re: Wood & AI tender | AC WP Irr. | X |
| 11/8/10 | Kevin Caberto | | Claims Note re: defense strategy & conversation with Andrew Motroni re: defense report | AC WP Irr. | X |
| 11/8/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: summary of new info. | AC WP Irr. | AC; WP |
| 11/5/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: update | AC WP Irr. | AC; WP |
| 10/19/10 | Kevin Caberto | | Claims Note | WP Irr. | Irr. |
| 10/12/10 | Kevin Caberto | | Claims Note | WP Irr. | Irr. |
| 10/1/10 | Kevin Caberto | | Claims Note re: defense costs (2 notes) re: invoices | AC WP Irr. | Irr. |
| 9/28/10 | Kevin Caberto | | Claims Note re: defense costs in underlying action re: reserve amount | AC WP Irr. | Irr. |
| 9/22/10 | Kevin Caberto | | Claims Note re: communication with named insured, Scott Woodward | WP Irr. | X |
| 9/22/10 | Kevin Caberto | | Claims Note re: coverage counsel retention discussed with Andrew Motroni | WP Irr. | WP |

| 9/22/10 | Kevin Caberto | | Claims Note re: communication with named insured, Scott Woodward re: Wood | WP Irr. | X |
|---------|---------------|--|--------------------------------------------------------------------------|---------|---|
| 9/22/10 | Kevin Caberto | | Claims Note re: coverage analysis and mental impressions | WP Irr. | WP; Irr. |
| 9/13/10 | Kevin Caberto | | Claims Note re: coverage analysis and mental impressions re: TCR & Wood separation agreement | WP Irr. | X |
| 9/13/10 | Kevin Caberto | | Claims Note re: defense of underlying action & additional carriers | WP Irr. | WP; Irr. |
| 9/2/10 | Kevin Caberto | | Claims Note re: communications regarding defense of underlying action & additional carriers and mental impressions re: same | AC WP Irr. | WP; Irr. |
| 8/30/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel re: coverage issues | AC WP Irr. | X |
| 8/30/10 | Kevin Caberto | | Claims Note re: communication with defense counsel, Harrison Trammell re: building modifications | AC WP Irr. | WP; Irr. |
| 8/27/10 | Kevin Caberto | | Claims Note re: communication with defense counsel, Harrison Trammell re: building modifications | AC WP Irr. | WP; Irr. |
| 8/27/10 | Kevin Caberto | | Claims Note re: communication with defense counsel, Harrison Trammell re: cost of construction | AC WP Irr. | X |
| 8/17/10 | Karen Rice | | Claims Note re: indemnity & expense reserves information | AC WP Irr. | Irr. |
| 8/16/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel, John Catizone & Karen Rice | AC WP Irr. | X |

| 8/16/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Wood defense & indemnity | AC WP Irr. | X |
|---|---|---|---|---|---|
| 8/4/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel, John Catizone | AC WP Irr. | X |
| 7/30/10 | Kevin Caberto | | Claims Note re: communication with coverage counsel, John Catizone | AC WP Irr. | X |
| 7/29/10 | Karen Rice | | Claims Note re: claim handling; strategy re: indemnity reserve | AC WP Irr. | X |
| 7/28/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: update | AC WP Irr. | X |
| 7/28/10 | Kevin Caberto | | Claims Note re: coverage analysis & conversation with Karen Rice re: Wood tender letter | AC WP Irr. | X |
| 7/20/10 | Karen Rice | | Claims Note re: defense analysis and strategy & indemnity & expense reserves | AC WP Irr. | WP |
| 7/7/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Tripple J. (framer) tender | AC WP Irr. | X |
| 6/30/10 | Kevin Caberto | | Claims Note re: named insured defense analysis re: Tripple J & TCR entities | AC WP Irr. | WP; Irr. |
| 6/24/10 | Kevin Caberto | | Claims Note re: defense of underlying action | AC WP Irr. | X |
| 6/16/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Wood & common interest agreement | AC WP Irr. | X |
| 6/11/10 | Kevin Caberto | | Claims Note re: communication with defense counsel | AC WP Irr. | X |

| 5/14/10 | Mary Allinder | | Claims Note re: communication with defense counsel, status re: identifying TCR entities | AC WP Irr. | X |
|---------|---------------|--|-----------------------------------------------------------------------------------------------|-----------|---|
| 4/28/10 | Kevin Caberto | | Claims Note re: defense of underlying action re: SwissRE (First Specialty) | WP Irr. | X |
| 4/16/10 | Kevin Caberto | | Claims Note re: letter to First Specialty | WP Irr. | X |
| 4/16/10 | Kevin Caberto | | Claims Note re: coverage analysis, discussion with defense counsel re: Wood tender | AC WP Irr. | X |
| 3/17/10 | Kevin Caberto | | Claims Note re: defense strategy and defense of underlying action re: unified defense | AC WP Irr. | WP |
| 3/15/10 | Kevin Caberto | | Claims Note re: defense of underlying action discussion with Andrew Motroni re: Kemper | AC WP Irr. | WP |
| 3/5/10 | Kevin Caberto | | Claims Note re: defense of underlying action re: email to Kemper | WP Irr. | WP |
| 3/1/10 | Jose Vides | | Claims Note re: billing report | AC WP Irr. | Irr. |
| 2/25/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: AI/sub matrix | AC WP Irr. | X |
| 2/24/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Tripple J tender | AC WP Irr. | WP; Irr. |
| 2/24/10 | Kevin Caberto | | Claims Note re: defense of underlying action re: tender to First Specialty | WP Irr. | X |
| 2/24/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Wood & separation agreement | AC WP Irr. | X |
| 2/12/10 | Kevin Caberto | | Claims Note re: defense of underlying action re: Kemper | WP Irr. | WP; Irr. |

| 2/8/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: initial report | AC WP Irr. | X |
|--------|---------------|--|--------------------------------------------------------------------------|------------|---|
| 2/8/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: subcontractor correspondence | AC WP Irr. | X |
| 2/8/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: letter to Travelers | AC WP Irr. | X |
| 1/29/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: response to Plaintiff's motion to amend | AC WP Irr. | AC; WP |
| 1/28/10 | Mary Allinder | | Claims Note re: claim handling, defense strategy re: reserves & proper parties | AC WP Irr. | X |
| 1/6/10 | Kevin Caberto | | Claims Note re: defense of underlying action re: Tripple J. | AC WP Irr. | X |
| 1/4/10 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Zurich | AC WP Irr. | X |
| 12/31/09 | Kevin Caberto | | Claims Note re: defense strategy re: SC statute of limitations | AC WP Irr. | X |
| 12/28/09 | Kevin Caberto | | Claims Note re: defense strategy re: motion to dismiss | AC WP Irr. | X |
| 12/18/09 | Kevin Caberto | | Claims Note re: communication with defense counsel re: tender letters | AC WP Irr. | X |
| 12/14/09 | Mary Allinder | | Claims Note re: expense reserves approval | AC WP Irr. | WP; Irr. |
| 12/11/09 | Kevin Caberto | | Claims Note re: communication with defense counsel re: report for carriers | AC WP Irr. | X |
| 12/11/09 | Kevin Caberto | | Claims Note re: exposure analysis re: TOR allocations | AC WP Irr. | X |

| 12/11/09 | Kevin Caberto | | Claims Note re: communication with defense counsel re: budget & reserves | AC WP Irr. | X |
| 12/7/09 | Kevin Caberto | | Claims Note re: First Specialty tender letter | WP Irr. | X |
| 12/7/09 | Kevin Caberto | | Claims Note re: plan of action re: conference call with Chartis rep., Travelers rep. & Cordes Ford | AC WP Irr. | X |
| 11/18/09 | Kevin Caberto | | Claims Note re: communication with defense counsel; pre-tender defense costs; mental impressions | AC WP Irr. | AC; WP |
| 11/11/09 | Kevin Caberto | | Claims Note re: documentation | WP Irr. | X |
| 11/11/09 | Kevin Caberto | | Claims Note re: communication with defense counsel re: Old Republic info. & email from defense counsel | AC WP Irr. | X |
| 11/11/09 | Kevin Caberto | | Claims Note re: communication with defense counsel & Kemper & Chartis | AC WP Irr. | X |
| 11/4/09 | Kevin Caberto | | Claims Note re: coverage | AC WP Irr. | X |
| 11/4/09 | Kevin Caberto | | Claims Note re: defense of underlying action re: defending TCR & other carriers | AC WP Irr. | X |
| 10/30/09 | Kevin Caberto | | Claims Note re: money paid against aggregate | WP Irr. | Irr. |
| 10/30/09 | Kevin Caberto | | Claims Note re: status of underlying action re: contact info. for other carriers | WP Irr. | X |
| 10/30/09 | Kevin Caberto | | Claims Note re: new loss, coverage analysis and mental impressions re: other carries & their policies & identifying other issues & causes of action | WP Irr. | X |
| 10/15/09 | Angelica Espinoza-Herrara | | Claims Note re: notice of new claim re: setting up the claim in file (3 notes) | WP Irr. | X |

| Volume No. 2 – Written Correspondence | | | | | |
|---|---|---|---|---|---|
| Date | Author | Recipient | Description | Privilege | Ruling |
| 11/4/09 | Kevin Caberto | Trammell Crow Scott Woodward | Draft coverage position letter | AC WP Irr. | X |
| 8/16/10 | John Catizone | Kevin Caberto | Coverage opinion including statement of facts, coverage question, other coverage considerations, funding & recommendations | AC WP Irr. | X |
| 10/19/10 | John Catizone; Brooke Panagakos | Kevin Caberto | Supplemental coverage opinion including insured's rights & trigger of coverage & allocation among multiple policies | AC WP Irr. | X |
| 10/20/11 | Cordes Ford, IV | Kevin Caberto; John Jacks; Scott Woodward | Case assessment/ Pre-Mediation report including a summary of the case to date, pertinent dates, synopsis of facts & law, liability analysis, planned motions, damages, etc. | AC WP Irr. | AC; WP |
| 7/29/11 | Cordes Ford, IV | Kevin Caberto; John Jacks; Hilary Schweitzer; Scott Woodward | Case assessment report (Draft)/ Litigation Report (with similar info. in pre-mediation report) | AC WP Irr. | AC; WP |
| 7/30/11 | Cordes Ford, IV | Kevin Caberto; John Jacks; Hilary Schweitzer; Scott Woodward | Case assessment report/ Litigation report | AC WP Irr. | AC; WP |
| 3/6/12 | Cordes Ford, IV | Kevin Caberto; John Jacks; Scott Woodward | Case assessment report | AC WP Irr. | AC; WP |
| 4/25/12 | Cordes Ford, IV | Kevin Caberto; John Jacks; Scott Woodward | Pre-trial report | AC WP Irr. | AC; WP |

| 5/8/12 | John Catizone | Darin Brooks, Esq. | Settlement Communication re: One Beacon's position on settlement | AC WP Irr. Privileged settlement communica tion (Note: Darin Brooks represents National Union, who is not a party to this action) | AC; WP |
|---|---|---|---|---|---|
| 4/20/12 | Cordes Ford | All Trammell Crow Carriers | case assessment for settlement purposes re: Plaintiff's demand | AC WP Irr. Confidentia l Settlement Communic ation | AC; WP |
| 4/11/12 | John Catizone | Kevin Caberto | Settlement analysis re: settlement agreement with other carriers | AC WP Irr. | WP |

| Volume 2, Part 2 – Written Correspondence | | | | | |
|---|---|---|---|---|---|
| **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| 4/23/10 | Cordes Ford | Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Bird, Scott Woodward | Case Status Report No. 2 | AC WP Irr. | X |
| 7/22/10 | Cordes Ford | Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Bird, Scott Woodward | Case Status Report No. 3 | AC WP Irr. | X |
| 11/8/10 | Cordes Ford | Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Bird, Scott Woodward | Case Status Report No. 4 | AC WP Irr. | X |
| 11/8/10 | Kevin Caberto | Bruce Smith | Draft coverage position letter re: responding to tender letter from Wood | AC WP Irr. | X |
| 2/8/11 | Cordes Ford and Harrison Trammell | John Jacks, Kevin Caberto, Scott Woodward | Case Status Report No. 5, including memo re: visual site inspection | AC WP Irr. | X |

| 4/10/12 | Ernest Martin | John Catizone | Confidential Settlement Communication & response to Plaintiff's demand | Confidential Settlement Communication with party not a party to the instant action | WP |
|---------|---------------|---------------|--------------------------------------------------------------------------|-----------------------------------------------------------------------------------|-----|

<table>
<tr><td colspan="6" align="center"><strong>Volume No. 3 – Electronic Mail Correspondence</strong></td></tr>
<tr><th>Date</th><th>Author/From</th><th>Recipient</th><th>Description</th><th>Privilege</th><th>Ruling</th></tr>
<tr><td>11/20/12</td><td>Various OneBeacon employees</td><td>Various OneBeacon employees</td><td>Email string re: invoice payment</td><td>AC WP Irr.</td><td>Irr.</td></tr>
<tr><td>11/18/09</td><td>Kevin Caberto</td><td>Cordes Ford and Andrew Motroni</td><td>Email correspondence re: invoices & percentages to pay</td><td>AC WP Irr.</td><td>Irr.</td></tr>
<tr><td>11/11/09</td><td>Cordes Ford</td><td>Kevin Caberto</td><td>Email correspondence re: subcontractors</td><td>AC WP Irr.</td><td>AC; WP</td></tr>
<tr><td>11/4/09</td><td>Kevin Caberto</td><td>Cordes Ford</td><td>Email correspondence re: retention of defense counsel</td><td>AC WP Irr.</td><td>WP</td></tr>
<tr><td>11/11/09</td><td>Cordes Ford</td><td>Kevin Caberto</td><td>Email correspondence re: status & identifying defendant entities</td><td>AC WP Irr.</td><td>X</td></tr>
<tr><td>11/10/09</td><td>Andrew Motroni/ Cordes Ford/ Scott Woodword</td><td>Scott Woodward/ Cordes Ford/ Andrew Motroni</td><td>Email string re: underlying action</td><td>AC WP Irr.</td><td>AC; WP; Irr.</td></tr>
<tr><td>2/24/10</td><td>Cordes Ford</td><td>Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword</td><td>Email correspondence re: status of underlying action and plan of action & tender letter</td><td>AC WP Irr.</td><td>AC; WP; Irr.</td></tr>
<tr><td>2/25/10</td><td>Cordes Ford</td><td>Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodward</td><td>Email correspondence re: status & tender letters</td><td>AC WP Irr.</td><td>AC; WP; Irr.</td></tr>
<tr><td>4/16/10</td><td>Cordes Ford</td><td>Kevin Caberto</td><td>Email correspondence re: status re: Wood tender letter</td><td>AC WP Irr.</td><td>X</td></tr>
<tr><td>1/6/10</td><td>Cordes Ford</td><td>Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword</td><td>Email correspondence re: status re: Tripple J. tender letter</td><td>AC WP Irr.</td><td>WP; Irr.</td></tr>
</table>

| 1/29/10 | Cordes Ford | Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword | Email correspondence re: status, litigation plan re: Plaintiff's motion to amend | AC WP Irr. | AC; WP; Irr. |
|---------|-------------|------|------|------|------|
| 1/29/10 | Cordes Ford | Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword | Email correspondence re: status report re: initial report | AC WP Irr. | AC; WP; Irr. |
| 2/9/10 | Cordes Ford | Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword | Email correspondence re: status re: separation agreement & Wood's tender | AC WP Irr. | X |
| 6/24/10 | Kevin Caberto | Andrew Motroni, Rhenardo Worrell, Kevin Curry, Michael Bird, tee@teelaw.com | Email correspondence re: defense of underlying action & other carriers | WP Irr. | AC; WP; Irr. |
| 8/9/10 | Cordes Ford | Andrew Motroni, Rhenardo Worrell, Michael Bird, Kevin Caberto, Scott Woodword | Email correspondence re: status re: TCR & Wood alleged agreement | AC WP Irr. | X |
| 9/2/10 | Kevin Caberto | Andrew Motroni, Rhenardo Worrell, Kevin Curry, Michael Bird, Denise Gibson, tee@teelaw.com | Email correspondence re: defense of underlying action & coverage by other carriers | AC WP Irr. | WP |
| 10/18/10 | Paul Hurley | Kevin Caberto | Email correspondence re: claim file notations re: reinsurance notice | WP Irr. | X |
| 12/6/10 – 12/17/10 | Kevin Caberto/ Cordes Ford / Cliff Watson | Cordes Ford / John Jacks / Andrew Motroni, Cliff Watson / Dianne Bryson | Email string re: defense costs re: payment split by carriers | AC WP Irr. | WP; Irr. |
| 12/22/10 | Cordes Ford | John Jacks, Kevin Caberto, Scott Woodward | Email correspondence re: status & scheduling orders | AC WP Irr. | AC; WP; Irr. |
| 3/16/11 | Brooke Panagakos | Kevin Caberto | Email correspondence re: coverage status | AC WP Irr. | WP; Irr. |
| 7/8/11 | Elizabeth Shawkey | Kevin Caberto, Melanie Chapman | Email correspondence re: status | AC WP Irr. | WP; Irr. |
| 7/13/11 | Elizabeth Shawkey | Kevin Caberto, Melanie Chapman | Email correspondence re: status | AC WP Irr. | WP; Irr. |
| 11/21/11 | Cordes Ford | Kevin Caberto, John Jacks, Scott Woodward | Email correspondence re: status report re: repair & damages estimate | AC WP Irr. | AC; WP; Irr. |

| 1/30/12 | Cordes Ford | Kevin Caberto, John Jacks, Scott Woodward | Email correspondence re: case assessment re: update where case presently stands, motions & objections | AC WP Irr. | AC; WP; Irr. |
|---------|-------------|-------------------------------------------|-------------------------------------------------------------------------------------------------------|------------|--------------|
| 2/9/12 – 2/16/12 | John Catizone/ Anthony Riggio | Kevin Caberto, John Jacks, John Catizone | Email correspondence re: settlement negotiations & settlement offer | AC WP Irr. | WP; Irr. |
| 2/13/12 | Cordes Ford | John Jacks, Kevin Caberto, Scott Woodward | Email correspondence re: status update re: pending motions & rulings | AC WP Irr. | AC; WP; Irr. |
| 3/4/12 | John Catizone | Ernest Martin | Email correspondence re: settlement discussions | Confidentia l settlement discussions with party not involved in instant litigation; Irr. | WP; Irr. |
| 2/1/11 | Harrison Trammell | Kevin Caberto, Scott Woodward, John Jacks | Email correspondence re: status re: budget & lab. testing | AC WP Irr. | AC; WP; Irr. |
| 5/7/12 | John Catizone | Kevin Caberto | Email correspondence re: recommendations re: indemnification & other carriers | AC WP Irr. | WP; Irr. |
| 2/1/11 | Harrison Trammell / Cordes Ford ; Kevin Caberto / John Jacks | Kevin Caberto / Harrison Trammell / Cordes Ford / John Jacks | Email string re: status, litigation strategy re: Plaintiff's expert report | AC WP Irr. | AC; WP; Irr. |
| 3/15/10 – 3/17/10 | Kevin Caberto/ Andrew Motroni / Cordes Ford | Andrew Motroni / Cordes Ford / Kevin Caberto | Email string re: defense of underlying action re: coverage dispute & payment of each carrier's share | AC WP Irr. | X |
| 3/16/10 – 3/17/10 | Kevin Caberto/ Andrew Motroni / Cordes Ford / Michael Bird | Andrew Motroni / Cordes Ford / Kevin Caberto / Michael Bird / Rhenardo Worrell / Scott Woodward | Email string re: defense of underlying action & agreement to defend | AC WP Irr. | WP; Irr. |

| 4/10/12 – 4/11/12 | John Catizone / Ernest Martin | John Catizone / Ernest Martin | Email string re: settlement discussions and analysis re: TCR crossclaims & subcontractors, etc. | Irr. Settlement discussions with party not involved in instant litigation | WP; Irr. |
|---|---|---|---|---|---|
| 4/10/12 | John Catizone / Ernest Martin | John Catizone/ Ernest Martin / Kevin Caberto | Email string re: strategy; settlement discussions re: settlement demand & other issues | AC WP Irr. Settlement discussions with party not involved in instant litigation | WP; Irr. |
| 9/13/10 – 9/17/10 | Ernest Martin / Carrier representatives | Ernest Martin / Carrier representatives | Email string re: payment of defense costs | WP Irr. Discussions concerning party not involved in instant litigation | WP; Irr. |
| 10/25/11 | Ernest Martin / Carrier Representatives | Carrier Representatives/ Ernest Martin | Email string re: defense obligations to TCR, list of carrier representatives, & coverage charts | WP Irr. Discussions concerning party not involved in instant litigation | WP; Irr. |
| 5/11/12 – 5/13/12 | Cordes Ford / John Catizone / Ernest Martin / | Kevin Caberto / Ernest Martin / John Jacks / Hamp Moody / Scott Woodward / Micah Skidmore / John Catizone / Darin Brooks / | Email string re: settlement discussions & contingency | AC WP Irr. Discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 7/13/11 | Elizabeth Shawkey | Kevin Caberto | Email correspondence re: joint litigation interest, confidentiality & tolling agreement between TCR entities | AC WP Irr. | AC; WP; Irr. |
| 7/14/11 | Elizabeth Shawkey | Kevin Caberto | Email correspondence | AC WP Irr. | WP; Irr. |

| 10/13/11 – 10/26/11 | Ernest Martin/ Cordes Ford | Carrier representatives | Email correspondence re: filing of suit in Texas & carrier representatives info. | Irr. Discussions concerning party not involved in instant litigation | AC; WP; Irr. |
|---|---|---|---|---|---|
| 9/13/10 – 9/14/10 | Scott Woodward / Rhenardo Worrell Cordes Ford /Kevin Caberto | Rhenardo Worrell; Allen Gibson, Andrew Motroni, Kevin Caberto, Michael Bird, Cordes Ford | Email string re: defense of underlying litigation & joint defense with other carriers | WP Irr. Discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 9/13/10 – 9/16/10 | Michael Bird / Rhenardo Worrell Cordes Ford /Kevin Caberto | Rhenardo Worrell; Allen Gibson, Andrew Motroni, Kevin Caberto, Micahel Bird, Cordes Ford / Scott Woodward/ Cliff Watson | Email string re: defense of underlying litigation & joint defense with other carriers | WP Irr. Discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 5/11/12 – 5/13/12 | Cordes Ford | Carrier representatives and attorneys | Email string re: settlement negotiations re: new settlement demand | WP AC Irr. Confidential settlement discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 5/13/12 | Cordes Ford / Jesse Kirchner | Cordes Ford/ Carrier representatives and attorneys | Email string re: settlement negotiations with Plaintiff | WP AC Irr. Confidential settlement discussions concerning party not involved in instant litigation | AC; WP; Irr. |

| 10/13/11 - 10/27/11 | Ernest Martin / Carrier representatives | Carrier representatives / Ernest Martin | Email correspondence re: defense of underlying litigation and filing of suit in Texas | Irr. Discussions concerning party not involved in instant litigation | WP; Irr. |
|---|---|---|---|---|---|
| 4/20/12 | John Catizone / Darin Brooks | Kevin Caberto / Hamp Moody / John Catizone | Email string re: settlement communications | AC WP Irr. Confidential settlement discussions concerning party not involved in instant litigation | WP; Irr. |
| 4/20/12 | Debbie Lazo | Scott Woodward, Barbara Davis, Rhenardo Worrell, Kevin Curry, Keith Taylor, P. Coombs, Robert Koons, John Jacks, Kevin Caberto | Email correspondence re: status | AC WP Irr. | WP; Irr. |
| 5/9/12 | Robert Koons | John Jacks, Kevin Caberto, John Catizone, Chris Tramonte, Rhenardo Worrell, P. Coombs, Kevin Curry, Keith Taylor | Email correspondence re: settlement of underlying action re: settlement demand | Irr. Confidential settlement discussions concerning party not involved in instant litigation | WP; Irr. |
| 5/9/12 | John Catizone | Robert Koons | Email correspondence re: settlement status re: coverage position | Irr. Confidential settlement discussions concerning party not involved in instant litigation | WP; Irr. |

| | | | | | |
|---|---|---|---|---|---|
| 5/9/12 – 5/11/12 | Cordes Ford / Darin Brooks / John Catizone / Ernest Martin / Jesse Kirchner / | Cordes Ford / Darin Brooks / John Catizone / Ernest Martin / Jesse Kirchner / John Jacks ; Keith Taylor / Kevin Caberto / Les Pickett / Dana Minissale / Chris Tramonte / M. Beaman / Robert Koons / J. Siessel | Email string re: settlement discussions re: latest settlement offer | Irr. Confidential settlement discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 5/9/12 – 5/11/12 | Cordes Ford / Darin Brooks / John Catizone / Ernest Martin / Jesse Kirchner / | Cordes Ford / Darin Brooks / John Catizone / Ernest Martin / Jesse Kirchner / John Jacks ; Keith Taylor / Kevin Caberto / Les Pickett / Dana Minissale / Chris Tramonte / M. Beaman / Robert Koons/ J. Siessel | Email string re: settlement discussions re: settlement offer & Plaintiff's response | Irr. Confidential settlement discussions concerning party not involved in instant litigation | AC; WP; Irr. |
| 2/8/10 | Debbie Lazo | Scott Woodward, Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Brid, Peter D'Allesio | Email correspondence re: status re: letter to Tripple J. | AC WP Irr. | WP; Irr. |
| 2/8/10 | Debbie Lazo | Scott Woodward, Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Brid, Peter D'allesio | Email correspondence re: status re: tender letters to subcontractors | AC WP Irr. | WP; Irr. |
| 11/9/09 | Cordes Ford | Kevin Caberto, Andrew Motroni | Email correspondence re: status re: payment of TCR defense | AC WP Irr. | WP; Irr. |
| 11/23/09 - 12/2/09 | Cordes Ford / Andrew Motroni / Michael Bird | Michael Bird, Andrew Motroni, Rhenardo Worrell, Kevin Caberto | Email correspondence re: status, evaluation re: summary of conference call & plan of action & list of named defendants | AC WP Irr. | X |
| 11/11/09 | Cordes Ford | Scott Woodward, Andrew Motroni, Kevin Caberto Denise Gibson, P. coombs, Allen Gibson | Email correspondence re: status re: new companion suit | AC WP Irr. | AC; WP; Irr. |

| 11/23/09 | Andrew Motroni / Micahel Bird | Cordes Ford / Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Bird | Email correspondence re: status, evaluation re: other carriers & list of defendants | AC WP Irr. | X |
| 11/27/09 | Cordes Ford | Andrew Motroni, Kevin Caberto, rhenardo Worrell, Micahel Bird | Email correspondence re: status re: affidavits of service | AC WP Irr. | AC; WP; Irr. |
| 11/11/09 | Andrew Motroni / P. Coombs | Kevin Caberto/ Andrew Motroni | Email correspondence re: Old Republic policy & coverage | AC WP Irr. Internal communica tions | WP; Irr. |
| 10/14/09 | Jessica Jordan | Angelica Espinoz-Herre | Initial Coverage Communication | | X |

| colspan=6 | **Volume No. 4 – Misc. Documents From Claims File** |

| **Date** | **Author** | **Recipient** | **Description** | **Privilege** | **Ruling** |
|---|---|---|---|---|---|
| 7/14/11 | Watkins Services, Inc | unknown | Underlying defense expert report re: breakdown of each building & cost | WP Irr. | WP; Irr. |
| unknown | unknown | unknown | Case assessment and post-mediation evaluation | AC WP Irr. | AC; WP; Irr. |
| 10/14/09 | OneBeacon Insurance Group | | PMS Inquiry Report | WP Irr. Confidentia l; Proprietary | WP; Irr. |
| 2/17/11 | Harrison Trammell | File | Deposition summary and analysis re: Keith Suggs | AC WP Irr. | AC; WP; Irr. |
| 2/24/11 | Harrison Trammell | File | List of Subcontractors | AC WP Irr. | AC; WP; Irr. |
| 2/9/11 | Harrison Trammell | File | Deposition summary and analysis re: Nava & Guzman Construction 39(b)(6) rep | AC WP Irr. | AC; WP; Irr. |
| 12/7/09 | Harrison Trammell | Cordes Ford, IV | Memorandum re: case strategy & legal theories | AC WP Irr. | AC; WP; Irr. |
| 12/14/10 | Harrison Trammell | File | Deposition summary and analysis re: Roger Crawford | AC WP Irr. | X |
| 8/11/11 | Kevin Caberto | Anthony Riggio (internal communication) | Claim evaluation – insured, loss facts, litigation, liability evaluation, damage evaluation, claim status & strategy, & reserve history | AC WP Irr. Confidentia l Proprietary | WP; Irr. |
| 2/21/12 | Kevin Caberto | Anthony Riggio (internal communication) | Claim evaluation | AC WP Irr. Confidentia l Proprietary | WP; Irr. |
| unknown | unknown | unknown | Status of underlying action re: list of motions & rulings | AC WP Irr. | WP; Irr. |

| 7/25/10 | Kevin Caberto | internal communication | Draft claim advisory re: description of risk, injuries & damages, claim status & strategy | AC WP Irr. | X |
| 1/26/09 | Mark Gothold | OneBeacon internal communication | Claim advisory | AC WP Irr. | WP; Irr. |
| 9/22/10 | Kevin Caberto | OneBeacon internal communication | Claim advisory | AC WP Irr. | WP; Irr. |
| July 10 | Kevin Caberto | | various claims notes marked as "deleted" | AC WP Irr. | WP; Irr. |
| undated | | | Draft, unsigned Joint litigation interest, confidentiality and tolling agreement | WP Irr. | WP; Irr. |

| Volume No. 4, Part 2 – Misc. Documents From Claims File | | | | | |
|---|---|---|---|---|---|
| **Date** | **Author** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| 10/13/09 | Elizabeth McManus | | Claim Summary | WP Irr. Proprietary Information | Irr. |
| 10/13/09 | unknown | | New Claim Registration | WP Irr. Proprietary Information | Irr. |
| | | | Claim Search results | WP Irr. | Irr. |
| 6/3/11 | Joseph Schmitt | Kevin Caberto, Mary Jane Allinder, Karen Rice, Anthony Riggio | Litigation Hold Notice re: instructing to preserve records | WP Irr. Internal Communication re: Texas action | Irr. |

| Volume No. 5 – Billing Invoices | |
|---|---|
| Withheld as protected pursuant to the AC privilege, WP doctrine and on the grounds that they are Irr. to the instant action | X |

**APPENDIX II.  St. Paul Fire and Marine Insurance Company**

| Tab | Date | Author/From | Recipient | Description | Privilege | Ruling |
|---|---|---|---|---|---|---|
| **Tab 1 Claim File 3217** | | | | | | |
| **A – Correspondence Folder** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| A1 | 11/9/10 | | | Construction Defect new file assignment request | | X |
| A2 | 11/9/10 | | | Claim Summary | | X |
| A3 | 5/11/11-5/12/11 | Randal Kempka, Micah Skidmore | Randal Kempka, Micah Skidmore, Fawn Vasquez, Andrew Motroni | Re: request that Skidmore provide service contract/agreement between Haynes & Boone LLP and TCR | Page 4 – handwritten notes WP | X |
| A4 | 5/27/10-5/28/10 | Cordes Ford, Randal Kempka | Cordes Ford, Randal Kempka | Re: letter to attorney Sheppard and Wood AI issue, provides contact info. for TCR's risk manager, Scott Woodward | | X |
| **B – TCR Policy Information** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| B1 | | | | Account info. & policy info. for TCR – quote/policy list | Irr., ongoing TX litigation | X |
| **C – Coverage Folder** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| C1 | 11/9/10 | | | Claim summary, claimant info. & summary of property damage for Joshua Schaap et al. & Southampton Pointe POA | Irr. | X |
| C2 | | | | Policy documents, declaration pages, account info., & policy period info. for TCR, lists liability covered by policy & named insured endorsement | Irr. | X |
| C3 | 11/8/10-11/9/10 | Fawn Vasquez, Andrew Motroni, Cordes Ford | Fawn Vasquez, Randal Kempka, Andrew Motroni, Cordes Ford | Email re: Wood's claim & verbal agreement with TCR after separation agreement | | X |
| **D – Claim Notes** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| D | 11/9/10-9/23/11 | Fawn Vasquez, Randal Kempka | | Re: conversations with attorneys & facts of TCR claim & separation agreement | AC | X |
| **Tab 2 Claim File 3148** | | | | | | |

| A – Letter Correspondence | | | | | | |
|---|---|---|---|---|---|---|
| Tab | Date | Author/From | Recipient | Description | Privilege | Ruling |
| A1 | 7/7/09 | Andrew Motroni | Scott Woodward | Re: receipt of TCR claim & copies of documents required for investigation & assessment of claim requested, etc. | Irr. | X |
| A2 | 10/20/11 | Cordes Ford | Scott Woodward, John Jacks, Kevin Caberto | Pre-mediation report summarizing cases, listing pertinent dates, summary of facts & law, liability charts, settlement estimate, contribution of parties, parties/witness testimony, etc. | | AC; WP; Irr. |
| A3 | 7/30/11 | Cordes Ford | John Jacks, Kevin Caberto, Hilary Schweitzer, Scott Woodward | Construction defect litigation report | | AC; WP; Irr. |
| A4 | 4/25/12 | Cordes Ford | Scott Woodward, John Jacks, Kevin Caberto | Pre-trial report | | AC; WP; Irr. |
| A5 | 5/20/12 | Cordes Ford | Scott Woodward, Keith Taylor, Barbara Davis, Robert Koons, Rhenardo Worrell, John Jacks, Kevin Curry, Kevin Caberto, Paolo Coombs | Re: Plaintiff's demand & legal support for "as is" argument, expected verdict, settlement value calculation | | AC; WP; Irr. |
| A6 | 3/6/12 | Cordes Ford | Scott Woodward, John Jacks, Kevin Caberto | Case assessment report No. 7, synopsis of facts & law, liability analysis, recommended strategy, witness testimony, etc. | | AC; WP; Irr. |
| B – Email Correspondence | | | | | | |
| Tab | Date | Author/From | Recipient | Description | Privilege | Ruling |
| B1 | 11/23/09-12/2/09 | Cordes Ford, Michael Bird, Andrew Motroni | Cordes Ford, Michael Bird, Kevin Caberto, Rhenardo Worrell, Andrew Motroni | Re: what must be determined in the case, budget, planning conference call, Plaintiff's amended complaint | Irr. | X |

| B2 | 11/4/09-12/2/09 | Cordes Ford, Andrew Motroni, Scott Woodward | Cordes Ford, Andrew Motroni, Scott Woodward, Kevin Caberto, et al. | Re: named & probable future defendants & relationships, calls to One Beacon & Old Republic/ Virginia Surety | Irr. | X |
| B3 | 9/24/09-10/13/09 | Andrew Motroni, Scott Woodward | Andrew Motroni, Scott Woodward | Re: TCR entities, handwritten phone numbers on email | Irr. | WP; Irr. |
| B4 | | Cordes Ford, Andrew Motroni | Cordes Ford, Andrew Motroni | Re: tender letters | Irr. | Irr. |
| B5 | 4/13/10 | Cordes Ford, | Scott Woodward, Andrew Motroni, et al. | Re: tender letters from Wood to TCR | Only to email (not letter referenced) | X |
| B6 | 8/2/10-8/9/10 | Cordes Ford, | Cordes Ford, Kevin Caberto, Rhenardo Worrell, Michael Bird, Andrew Motroni, Scott Woodward | Re: third tender letter of Wood's defense to TCR | Only to email (not letter referenced) | X |
| B7 | 6/24/10-9/3/10 | Rhenardo Worrell, Kevin Caberto | Rhenardo Worrell, Kevin Caberto, Andrew Motroni, Cordes Ford, Kevin Curry, Michael Bird | Re: Old Republic & 4 carriers currently defending & defense allocation | Irr. | Irr. |
| B8 | 9/22/10-9/27/10 | John Jacks, Andrew Motroni, Kevin Caberto | John Jacks, Andrew Motroni, John Huckenpoehler, et al. | Re: sharing defense & coverage counsel with co-carrier | Irr. | Irr. |
| B9 | 9/16/10 | Andrew Motroni, Kevin Caberto, Ernest Martin | Andrew Motroni, John Jacks, John Huckenpoehler, Ernest Martin, Kevin Curry, Rhenardo Worrell, Scott Woodward, Noah Nadler, Michael Bird | Re: One Beacon sharing defense of TCR | Only to internal communications at 6:42pm | Irr. |

| B 10 | 9/13/10-9/16/10 | Andrew Motroni, Kevin Caberto, Cordes Ford | Andrew Motroni, Kevin Caberto, Michael Bird, Cordes Ford, Rhenardo Worrell, Scott Woodward | Re: agreement of defense allocation | Irr. | Irr. |
|---|---|---|---|---|---|---|
| B 11 | 7/6/10-9/24/10 | Cordes Ford, Kevin Caberto | Cordes Ford, Andrew Motroni, Kevin Caberto, Sharon Kohler | Re: One Beacon's share of bills | Irr. | Irr. |
| B 12 | 11/8/10 | Andrew Motroni | Cordes Ford, Kevin Caberto | Re: additional insured tenders | Irr. | Irr. |
| B 13 | 12/21/10 | Cordes Ford | John Jacks, Randal Kempka | Re: Roger Crawford (sub-subcontractor) deposition summary | | X |
| B 14 | 12/14/10 | Randal Kempka | John Jacks | Re: TCR & Wood agreement (with attached memo) | | X |
| B 15 | 11/22/10-11/30/10 | Rodita Calingo, Daniel Creager | John Jacks, Daniel Creager, Rodita Calingo, Andrew Motroni, | Re: SC case assigned to John Jacks | Irr. | X |
| B 16 | 2/1/11 | Andrew Motroni, | Andrew Motroni, Kevin Caberto, Cordes Ford, Fawn Vasquez | Re: case assigned to John Jacks | Irr. | X |
| B 17 | 2/1/11 | Harrison Trammell | Kevin Caberto, Cordes Ford, et al. | Re: preliminary budget estimate (with attached memo) | Irr. | WP; Irr. |
| B 18 | 1/27/11 | Cordes Ford | John Jacks, Kevin Caberto, Scott Woodward | Re: expert witness, discovery, & strategy | Irr. | WP; Irr. |
| B 19 | 4/13/11 | John Jacks | Cordes Ford, Harrison Trammell, Kevin Caberto, Andrew Motroni | Re: splitting payment of expenses | Irr. | Irr. |
| B 20 | 4/13/11 | John Jacks | Cordes Ford, Harrison Trammell, Kevin Caberto | Re: payment of expert invoice | Irr. | Irr. |
| B 21 | 5/6/11 | Harrison Trammell | John Jacks, Kevin Caberto, Cordes Ford | Re: insurance and risk transfer issues (with attached memo) | Irr. | WP; Irr. |
| B 22 | 4/4/12 | Cordes Ford | Kevin Caberto, John Jacks, | Re: recent SC case & statute | Irr. | AC; Irr. |
| B 23 | 11/28/11 | Cordes Ford | Cliff Watson, John Jacks | Re: St. Paul's payments of split invoices | Irr. | Irr. |

| B 24 | 2/23/11-3/17/11 | Kevin Caberto, Andrew Motroni | Kevin Caberto, Andrew Motroni, Cordes Ford | Re: TCR's paying share for other carriers | Irr. | X |
|---|---|---|---|---|---|---|
| **C – Policy Information** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| C1 | 7/9/09 | | | Claim acknowledgement form | Irr. | Irr. |
| C2 | 7/7/09 | | | Construction defect new assignment request re: St. Paul's obligation to defend | Irr. | X |
| C3 | 9/3/10 | | | Coverage/legal referral to John Huckenpoehler re: issue summary | Irr. | WP; Irr. |
| C4 | unknown | | | Coverage chart with years, coverage amounts, & carriers | Irr. | Irr. |
| **D – Coverage/Litigation Memoranda** | | | | | | |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| D1 | 12/7/09 | Harrison Trammell | Cordes Ford | Re: motion to dismiss recommendation | Irr. | AC |
| D2 | 12/10/09 | | | Litigation budget | Irr. | Irr. |
| D3 | 1/29/10 | Cordes Ford | Andrew Motroni, Kevin Caberto, Rhenardo Worrell, Michael Bird, Scott Woodward | Re: parties, liability, damages, etc. | Irr. | AC |
| D4 | Unknown | | | Tender letters chart re: various agencies and their agents | Irr. | Irr. |
| D5 | 7/22/10 | Cordes Ford, Harrison Trammell | Scott Woodward, Michael Bird, Andrew Motroni, Kevin Caberto, Rhenardo Worrell | Case Status Report No. 3 re: update of case, issues, parties | Irr. | AC; WP; Irr. |
| D6 | 11/8/10 | Cordes Ford, Harrison Trammell | Andrew Motroni, Kevin Caberto, Scott Woodward | Case Status Report No. 4 | Irr. | AC; WP; Irr. |
| D7 | 11/17/10 | | | MCU referral consultation with John Jacks re: description of claim, damages, & recommendation | Irr. | X |
| D8 | 1/27/11 | Harrison Trammell | | Memo re: conference call b/w defense counsel | Irr. | AC; WP; Irr. |
| D9 | 2/8/11 | Cordes Ford, Harrison Trammell | John Jacks, Kevin Caberto, Scott Woodward | Case Status Report No. 5 | Irr. | AC; WP; Irr. |
| D 10 | 2/17/11 | Harrison Trammell | | Memo re: deposition of Keith Suggs | Irr. | Irr. |

| D 11 | 2/9/11 | Harrison Trammell | | Memo re: deposition of Nava & Guzman Construction, Inc. | Irr. | Irr. |
|------|--------|-------------------|--|----------------------------------------------|------|------|
| D 12 | Unknown | | | Total defect litigation reports re: January litigation reports | Irr. | Irr. |
| D 13 | 2/24/11 | Harrison Trammell | | Memo re: subcontractors at Southampton Pointe re: speculated liability percentages | Irr. | Irr. |
| D 14 | 7/14/11 | Watkins Services, Inc. | | Estimate for each building & description of work | Irr. | Irr. |
| D 15 | Unknown | | | Handwritten notes listing names/phone numbers | Irr. | X |
| D 16 | Unknown | | Cordes Ford, Kevin Caberto, Andrew Motroni, Michael Bird, et al. | Re: TCR/Wood common interest agreement | Irr. | Irr. |
| D17 | 5/19/10 | Cordes Ford | Kevin Caberto, Andrew Motroni | Re: TCR/Wood common interest agreement | | AC |

| **E – Legal Invoices & Communications re: the same** | | | | | | |
|------|------|-------------|-----------|-------------|-----------|--------|
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| E | | | | Legal invoices & communications re: the same – re: payments, hours, & invoices (some handwritten notes) | Irr. | X |

| **F – Claim Notes (7/7/09-9/18/12)** | | | | | | |
|------|------|-------------|-----------|-------------|-----------|--------|
| **Pg** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| 1-5 | | | | **NOT PRODUCED** | Not discoverable because entered after *this* suit | Irr. |
| 6 | 9/18/12 | John Jacks | | Re: resolution plan | WP | WP; Irr. |
| 6 | 7/6/12 | Darin Cheney | | Re: settling defense costs | WP | WP; Irr. |
| 7 | 6/29/12 | Daniel Creager | | Re: liability/evaluation, expense estimate increase | WP | WP; Irr. |
| 7 | 6/15/12 | Darin Cheney | | Re: conference call with John Jacks, Darin Cheney, Dan Creager, Hamp Moody, & Alicia Barton discussing defense costs & authorized settlement amount | WP; AC | WP; Irr. |
| 8 | 5/17/12 2:54pm | John Jacks | | Re: claim resolution & breakdown of payments | WP | WP; Irr. |
| 8 | 5/17/12 9:07am | John Jacks | | Re: resolution plan & final settlement | WP | WP; Irr. |

| 9 | 5/14/12 4:41pm | Daniel Creager | | Re: liability/evaluation & analysis of indemnity increase & settlement authorization | WP | WP; Irr. |
|---|---|---|---|---|---|---|
| 10 | 4/12/12 10:43am | John Jacks | | Re: coverage, demand letter, & One Beacon policy | WP; AC | WP; Irr. |
| 11 | 4/12/12 10:36am | John Jacks | | Re: coverage & National Union policies | WP | WP; Irr. |
| 12 | 4/12/12 10:28am | John Jacks | | Re: confirming One Beacon received similar demand letter | WP | WP; Irr. |
| 12 | 4/12/12 10:27am | John Jacks | | Re: TCR's demand letter & coverage counsel Moody's recommendation | WP | WP; Irr. |
| 13 | 4/12/12 10:17am | John Jacks | | Re: resolution plan, One Beacon, & Plaintiff's settlement demand | WP | WP; Irr. |
| 14 | 4/12/12 9:56am | John Jacks | | Re: update on litigation, One Beacon, & policy limits | WP; AC | WP; Irr. |
| 15 | 4/12/12 9:55am | John Jacks | | Re: resolution plan & ongoing discussions with One Beacon | WP | WP; Irr. |
| 15 | 1/10/12 | John Jacks | | Re: TX Supreme Court case & issues relating to that case | WP | WP; Irr. |
| 16 | 1/10/12 2:16pm | John Jacks | | Re: current scheduling order calls for discovery | WP | WP; Irr. |
| 16 | 1/10/12 1:37pm | John Jacks | | Re: coverage & conference call with claim legal rep. Alicia Barton | WP; AC | WP; Irr. |
| 17 | 1/4/12 | John Jacks | | Re: resolution plan & conference call b/w inside reps, carriers, etc. discussing mediator's conversations with parties | WP; Irr. | WP; Irr. |
| 17 | 1/3/12 | John Jacks | | Re: resolution plan & 3 way negotiation with TCR & Tripple J. | WP; Irr. | WP; Irr. |
| 17 | 12/29/11 | John Jacks | | Re: coverage & legal counsel Alicia Barton discussing coverage issues & St. Paul's position | WP; AC | WP; Irr. |

| 18 | 12/29/11 | John Jacks | | Re: resolution plan & discussing with defense counsel following offer to Plaintiffs & their counter-demand | WP; the note further states that Wood is attempting to assign its claim for defense costs against the insurance carriers to the Plaintiff | WP; Irr. |
|---|---|---|---|---|---|---|
| 18 | 12/20/11 | Darin Cheney | | Re: legal bills & amounts | Irr. | WP; Irr. |
| 18 | 12/5/11 | John Jacks | | Re: resolution plan & conference call with defense counsel & policyholder reps | WP; AC; Irr. | WP; Irr. |
| 18-21 | 12/1/11 | John Jacks | | Re: resolution plan & mediation, Plaintiff's demand to TCR | WP; Irr. | WP; Irr. |
| 21 | 11/22/11 3:19pm | John Jacks | | Re: coverage & conference call with claim legal counsel Alicia Barton & outside coverage counsel Hamp Moody | WP; AC | WP; Irr. |
| 21 | 11/22/11 1:54pm | John Jacks | | Re: resolution plan & case mediation | WP | WP; Irr. |
| 22 | 11/7/11 | John Jacks | | Re: resolution plan & mediation date, Plaintiff's claims | WP, Irr. | WP; Irr. |
| 22 | 10/28/11 | John Jacks | | Re: coverage of policyholder & conference call | WP, Irr. | WP; Irr. |
| 23 | 9/1/11 | John Jacks | | Re: discussion with complex case manager Nick D'Agostino | WP | X |
| 23 | 8/8/11 | John Jacks | | Re: coverage, Scott Woodward re: Wood's other policies | WP | X |
| 23 | 8/2/11 | John Jacks | | Re: litigation update | WP | X |
| 24 | 6/29/11 | John Jacks | | Re: investigation & discussion with defense counsel | WP; AC | WP; Irr. |
| 24 | 5/16/11 | Darin Cheney | | Re: financial approved payment for professional services | Irr. | WP; Irr. |
| 25 | 4/15/11 | John Jacks | | Re: investigation & conference call with defense attorneys re: damages investigation schedule | WP; AC; Irr. | WP; Irr. |

| 25 | 4/13/11 | John Jacks | | Re: coverage & listing responses received from other carriers | WP; Irr. | WP; Irr. |
|----|---------|------------|---|---|---|---|
| 25 | 4/12/11 | John Jacks | | Re: damages/verification & defense attorneys & defense experts meeting | WP; Irr. | WP; Irr. |
| 26 | 4/10/11 | John Jacks | | Re: litigation & contract b/w developer, Plaintiff, & "as is" clause | WP; AC; Irr. | WP; Irr. |
| 26 | 3/11/11 | John Jacks | | Re: litigation & court granting motion to dismiss unfair trade practices claim | WP; Irr. | WP; Irr. |
| 26 | 3/7/11 | John Jacks | | Re: coverage & One Beacon sharing defense costs | WP; Irr. | WP; Irr. |
| 27 | 3/7/11 | John Jacks | | Re: liability/ evaluation & conference call with defense counsel, co-carrier adjuster, & policyholder rep | WP; AC; Irr. | WP; Irr. |
| 27 | 1/4/11 | John Jacks | | Re: claim being transferred for further handling & payment of defense counsel & scheduling order | WP; AC | WP; Irr. |
| 28 | 11/9/10 | Andrew Motroni | | Re: contacting counsel about exposure | WP; Irr. | WP; Irr. |
| 28 | 11/17/10 | Anderw Motroni | | Re: correspondence & MCU referral to John Jacks | WP | WP; Irr. |
| 28 | 11/19/10 | Laura Albertson | | Re: management review & referral | WP; AC | WP; Irr. |
| 29 | 11/8/10 3:57pm | Andrew Motroni | | Re: litigation & the master deed of Southampton Pointe | WP; Irr. | WP; Irr. |
| 29 | 11/8/10 3:57pm | Andrew Motroni | | Re: damages/verification & anticipated actions by Plaintiff | WP; Irr. | WP; Irr. |
| 29 | 11/8/10 3:51pm | Andrew Motroni | | Re: coverage & risk transfer & cross-claims | WP; Irr. | X |
| 30 | 11/8/10 3:48pm | Andrew Motroni | | Re: litigation & Wood's third-party claims | WP | X |
| 30 | 11/8/10 3:25pm | Andrew Motroni | | Re: litigation updated plan | WP | X |
| 30 | 11/8/10 3:12pm | Andrew Motroni | | Re: coverage & case status update | WP; AC | WP; Irr. |
| 31 | 9/17/10 | Andrew Motroni | | Re: coverage & call to Kevin Caberto at One Beacon | WP; relevance | WP; Irr. |
| 31 | 9/9/10 3:14pm | Andrew Motroni | | Re: coverage & email from coverage attorney Ernest Martin | WP | WP; Irr. |
| 31 | 9/9/10 3:04pm | Andrew Motroni | | Re: coverage & CLG referral & MCU meeting | WP; AC | WP; Irr. |
| 31 | 9/9/10 2:08pm | Andrew Motroni | | Re: damages/verification & discussion with Kevin Caberto re: bills & list of carriers | WP | WP; Irr. |

| 32 | 9/9/10 1:55pm | Andrew Motroni | | Re: call from attorney Ernest Martin, coverage counsel for TCR, concerning payment of bills | WP; Irr.; note refers to issues raised in TX litigation | WP; Irr. |
|---|---|---|---|---|---|---|
| 32 | 9/9/10 | Andrew Motroni | | Notes correspondence with John Huckenpoehler | AC | WP; Irr. |
| 33-35 | 9/9/10 | Andrew Motroni | | Re: litigation & stipulation of dismissal | WP; Irr. | X |
| 35 | 9/9/10 11:09am | Andrew Motroni | | Re: resolution plan & statement by Plaintiff's counsel | WP; Irr. | WP; Irr. |
| 35 | 9/9/10 11:06am | Andrew Motroni | | Re: liability/evaluation & exposure issues | WP; Irr. | WP; Irr. |
| 35 | 9/9/10 11:05am | Andrew Motroni | | Re: litigation & legal/factual issues & understanding | WP; Irr.; note refernces 1/25/10 Wood tender of defense which was denied by St. Paul | X |
| 38 | 9/9/10 | Andrew Motroni | | Re: litigation & list of potential witnesses | WP; Irr. | WP; Irr. |
| 39 | 9/9/10 | Andrew Motroni | | Re: damages/verification & anticipated damages | WP; Irr. | WP; Irr. |
| 40 | 9/9/10 10:52am | Andrew Motroni | | Re: litigation & risk transfer, tender letters served, & additional potential coverage | WP; Irr. | WP; Irr. |
| 40 | 9/9/10 10:50am | Andrew Motroni | | Re: liability/evaluation & list of potential issues developed through discovery | WP; Irr. | X |
| 40-42 | 9/9/10 10:47am | Andrew Motroni | | Re: correspondence report from defense counsel | WP | WP; Irr. |
| 43 | 9/3/10 | Andrew Motroni | | Re: coverage & efforts being made to Kevin Caberto with One Beacon re: legal expenses | WP; Irr. | WP; Irr. |
| 43 | 8/30/10 | Andrew Motroni | | Re: coverage & conversation with Paul Coombs, Old Republic management | WP, Irr. | WP; Irr. |
| 43 | 8/20/10 | Andrew Motroni | | Re: contact/call from coverage counsel for the policyholder re: expenses | WP; Irr. | WP; Irr. |
| 43 | 7/27/10 | Andrew Motroni | | Re: litigation & where to rely upon for updates | WP; AC | WP; Irr. |
| 43 | 7/2/10 | Andrew Motroni | | Re: reserve for loss relating to size/complexity of case | WP; Irr. | WP; Irr. |

| 43 | 6/24/10 | Andrew Motroni | | Re: correspondence with defense counsel re: appearance in declaratory judgment action | WP; AC; Irr. | WP; Irr. |
|---|---|---|---|---|---|---|
| 44 | 6/9/10 | Andrew Motroni | | Re: litigation & common interest agreement | WP | X |
| 44 | 5/10/10 | Andrew Motroni | | Re: litigation & setting forth the updated litigation plan | WP; Irr. | WP; Irr. |
| 45 | 5/10/10 3:56pm | Andrew Motroni | | Re: litigation & stipulation for dismissal | WP; Irr. | WP; Irr. |
| 45 | 5/10/10 3:54pm | Andrew Motroni | | Re: litigation & Wood's tender of defense to TCR | WP; note reference the Wood tender on 1/25/10 | X |
| 45 | 5/10/10 3:53pm | Andrew Motroni | | Re: liability/evaluation & determination needed | WP | WP; Irr. |
| 45 | 5/10/10 3:52pm | Andrew Motroni | | Re: litigation & an update to litigation plan | WP; Irr. | WP; Irr. |
| 45 | 3/16/10 | Andrew Motroni | | Re: contact to counsel Cordes Ford & his suggestion re: Wood, carrier issues, & payment of bills | WP; AC; Irr. | X |
| 46 | 3/9/10 | Andrew Motroni | | Re: coverage & conversation with Kevin Caberto of One Beacon | WP; Irr. | WP; Irr. |
| 46 | 3/5/10 12:29pm | Andrew Motroni | | Re: litigation & update to litigation plan & stipulations of dismissal | WP; AC; Irr. | WP; Irr. |
| 46 | 3/5/10 12:22pm | Andrew Motroni | | Re: correspondence with defense counsel & Pennco, window supplier, & other parties/insurers | WP; AC; Irr. | WP; Irr. |
| 47 | 3/5/10 12:17pm | Andrew Motroni | | Re: coverage & email to attorney Tom Ellis concerning coverage fo AMPICO Kemper Companies | WP; Irr. | WP; Irr. |
| 47 | 3/5/10 11:51am | Andrew Motroni | | Re: correspondence with defense counsel Cordes Ford & separation agreement | WP; AC; Irr. | X |
| 47 | 3/5/10 11:44am | Andrew Motroni | | Re: coverage & tender to Tripple J's Farming (subcontractor) & attorney William Watkins' letter | WP; Irr. | WP; Irr. |
| 47 | 2/18/10 | Andrew Motroni | | Re: coverage & other carriers | WP; Irr. | WP; Irr. |
| 47 | 2/9/10 | Andrew Motroni | | RE: litigation & motions filed or may file | WP; AC; Irr. | WP; Irr. |
| 48 | 2/9/10 11:59am | Andrew Motroni | | Re: damages/verification & potential exposure analysis | WP; Irr. | WP; Irr. |

| 48-51 | 2/9/10 11:48am | Andrew Motroni | | Re: litigation re: the claims & facts as understood at that time | WP; AC; Irr.; note reference the prior Wood defense tender | X |
|---|---|---|---|---|---|---|
| 51 | 2/9/10 | Andrew Motroni | | Re: investigation into potential witness identification | WP; Irr. | WP; Irr. |
| 52 | 2/9/10 11:38am | Andrew Motroni | | Re: damages/verification & initial thoughts about damages & Plaintiff's case | WP; Irr. | WP; Irr. |
| 52 | 2/9/10 11:37am | Andrew Motroni | | Re: investigation & risk transfer opportunities | WP; AC; Irr. | WP; Irr. |
| 52 | 2/9/10 11:36am | Andrew Motroni | | Re: liability/evaluation & analysis of liability issues | WP; Irr. | X |
| 53 | 2/9/10 | Andrew Motroni | | Re: litigation & laying out the insured parties, Plaintiffs, case numbers, defense attorneys, & Plaintiff's attorneys | WP; Irr. | WP; Irr. |
| 54 | 2/9/10 | Andrew Motroni | | Re: coverage & email sent to Denise Gibson at Kemper Ins. Co. concerning declination of coverage of policyholder | WP; Irr. | WP; Irr. |
| 55 | 2/9/10 | Andrew Motroni | | Re: contacting Scott Woodward | WP | WP; Irr. |
| 55 | 2/2/10 | Andrew Motroni | | Re: coverage & email from Cordes Ford re: contact with Denise Gibson at Kemper Ins. Co. | WP; AC | WP; Irr. |
| 55 | 1/29/10 | Andrew Motroni | | Re: correspondence with window manufacturer | WP; Irr. | WP; Irr. |
| 55 | 1/22/10 | Andrew Motroni | | Re: litigation & update to the litigation plan & motions filed | WP; Irr. | WP; Irr. |
| 55 | 1/8/10 | Andrew Motroni | | Re: litigation re: motion for summary judgment | WP; AC; Irr. | WP; Irr. |
| 55 | 1/4/10 | Andrew Motroni | | Re: litigation re: coverage information sent to Cordes Ford | WP; AC | WP; Irr. |
| 55 | 12/10/09 | Andrew Motroni | | Re: litigation & summary of fees | WP; AC | WP; Irr. |
| 56 | 12/10/09 5:13pm | Andrew Motroni | | Re: correspondence with defense counsel | WP; Irr. | WP; Irr. |
| 56 | 12/10/09 5:02pm | Andrew Motroni | | Re: proposed litigation budget | WP; AC | WP; Irr. |
| 57 | 12/2/09 3:12pm | Andrew Motroni | | Re: contact & meeting with Cordes Ford | WP; AC; Irr. | WP; Irr. |

| 57-58 | 12/2/09 3:09pm | Andrew Motroni | | Re: litigation re: update to litigation plan, identifying new parties, & Plaintiff's second complaint | WP; Irr. | X |
|---|---|---|---|---|---|---|
| 59 | 11/24/09 | Andrew Motroni | | Re: investigation & scheduled conference call | WP; Irr. | WP; Irr. |
| 59 | 11/23/09 | Andrew Motroni | | Re: coverage & other carriers sharing defense | WP; Irr. | WP; Irr. |
| 60 | 11/18/09 | Andrew Motroni | | Re: coverage & communication with Kevin Caberto & payment of expense | WP; Irr. | WP; Irr. |
| 60 | 11/17/09 | Andrew Motroni | | Re: coverage & payment of bills | WP; Irr. | WP; Irr. |
| 60 | 11/12/09 | Andrew Motroni | | Re: litigation & new companion suit from Plaintiff's attorney | WP; AC; Irr. | X |
| 61 | 11/11/09 4:49pm | Andrew Motroni | | Re: coverage & discussion with Kevin Caberto | WP; Irr. | WP; Irr. |
| 61 | 11/11/09 3:05pm | Andrew Motroni | | Re: coverage & Old Republic contact & info. | WP; Irr. | WP; Irr. |
| 61 | 11/11/09 8:26am | Andrew Motroni | | Re: investigation & parties to proposed amended complaint | WP; AC; Irr. | X |
| 62 | 11/10/09 3:54pm | Andrew Motroni | | Re: coverage & noting emails sent seeking info. on each entity involved | WP; AC; Irr. | X |
| 62 | 11/10/09 12:40pm | Andrew Motroni | | Re: correspondence with defense counsel, TCR's actions, Plaintiff's amended complaint, & formal litigation budget | WP; AC; Irr. | WP; Irr. |
| 63 | 11/10/09 | Andrew Motroni | | Re: message to Old Republic Risk Management | WP; Irr. | WP; Irr. |
| 64 | 11/4/09 | Andrew Motroni | | Re: litigation & update to litigation plan & Plaintiff's amended complaint | WP; Irr. | X |
| 64 | 11/3/09 10:16am | Andrew Motroni | | Re: investigation, Southampton contract | WP; Irr. | WP; Irr. |
| 64 | 11/3/09 10:20am | Andrew Motroni | | Re: coverage & note sent to Scott Woodward with TCR re: what needs to be done with claims & seeking info. | WP; Irr. | X |
| 73 | 11/3/09 8:45am-10:16am | Andrew Motroni | | Re: coverage & One Beacon, Chartis, Old Republic, & Kemper | WP; Irr. | WP; Irr. |
| 73 | 11/3/09 8:33pm | Andrew Motroni | | Re: litigation & completion of attorney retention in file | WP; Irr. | WP; Irr. |

| 73 | 11/3/09 8:24pm | Andrew Motroni | | Re: contacting Cordes Ford to discuss status of case | WP; AC; Irr. | WP; Irr. |
| 74 | 10/29/0 9 11:29p m | Andrew Motroni | | Re: litigation & selection of defense counsel | WP; AC; Irr. | WP; Irr. |
| 74 | 10/29/0 9 9:26pm | Andrew Motroni | | Re: coverage & other carriers | WP; Irr. | WP; Irr. |
| 74 | 10/29/0 9 9:24pm | Andrew Motroni | | Re: litigation & update to litigation plan & defense counsel's filed answers | WP; Irr. | WP; Irr. |
| 74 | 10/13/0 9 | Andrew Motroni | | Re: correspondence sent to the insured re: notice of other carriers | WP; Irr. | X |
| 75 | 7/7/09 | Andrew Motroni | | Re: investigation & conversation with Scott Woodward of TCR & his comments about the complaint | WP; AC; Irr. | X |

**Tab 3 Miscellaneous**

**A – Email Correspondence**

| Tab | Date | Author/From | Recipient | Description | Privilege | Ruling |
|---|---|---|---|---|---|---|
| A1 | 10/27/1 1 | John Jacks | John Huckenpoehler, Lee Ogburn | Re: an issue involving the defense of Wood & a planned conference call | Only to internal corresponde nce at 1:15pm | X |
| A2 | 10/31/1 1 | John Jacks, John Catizone | John Jacks, John Catizone, John Huckenpoehler, Kevin Caberto | Re: indemnity issue & agreement with TCR | | X |
| A3 | 6/6/11-6/7/11 | Randal Kempka, John Huckenpoehler | Randal Kempka, Fawn Vasquez, John Huckenpoehler | Re: coverage of Wood & TCR & issues re: case | AC | X |
| A4 | 7/13/11-7/21/11 | Cordes Ford, John Jacks | John Jacks, John Huckenpoehler, Kevin Caberto | Re: updates from Cordes Ford re: case | Irr. | AC; WP; Irr. |
| A5 | 9/23/11 | John Huckenpoehler | Fawn Vasquez, John Jacks | Re: coverage of Wood | AC | X |
| A6 | 10/27/1 1-10/28/1 1 | Wilma Delgado, Sharon Brooks, Laurie LeBel, John Huckenpoehler, John Jacks | Wilma Delgado, Travelers SOP, Sharon Brooks, Laurie LeBel | Re: new litigation file | Only to: 10/27/11 at 8:49am; 10/28/11 at 9:17am, 9:21am, 9:31am, 9:32am | X |

| A7 | 7/11/12<br>-<br>7/13/12 | John Jacks | Margaret<br>Painther, | Re: attachment (not provided) | Only to<br>internal<br>communicat<br>ion at:<br>7/13/12 at<br>12:51pm | X |
| --- | --- | --- | --- | --- | --- | --- |

| **B – Additional Documentation** | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| **Tab** | **Date** | **Author/From** | **Recipient** | **Description** | **Privilege** | **Ruling** |
| B1 | 7/7/09 | | | St. Paul Claim Summary CLM<br>3148 | AC | X |
| B2 | 11/9/10 | | | St. Paul Claim Summary<br>CLM3217 | AC | X |
| **TCR Underwriting File** (separate CD) | | | | | | |
| | | | | TCR Underwriting File | Irr.; pending<br>litigation in<br>TX; trade<br>secret and/or<br>proprietary<br>info.; does<br>not apply to<br>Plaintiff's<br>assignor | X |